oral argument not to exceed 15 minutes per side. Mr. Demarest for the Plaintiff Appellant. Good morning, Your Honors. Mark Demarest on behalf of the Plaintiff Appellant, T&T Management. I'd like to reserve three minutes for rebuttal. All right. So the District Court dismissed the complaint in this case based on Rule 12B6. On two grounds, Rooker-Feldman doctrine and collateral estoppel. We asked the Court to reverse because we think the District Court erred in both of those rulings. You know, you've got a lot of arguments and sub-arguments here and lots of arguments going to issues such as Rooker-Feldman and race judicata and collateral estoppel and so on. But to the extent there's a statute of limitations problem, that would foreclose you on that basis. And then many of the allegations you have are against the State Judiciary, but you didn't name the State Judiciary as a party defendant here. So why wouldn't the plaintiffs, instead of going through all of the menu of arguments, why isn't the plaintiff simply foreclosed if we take into account the statute of limitations problems combined with the fact that you have all these allegations against the State Judiciary, but they were not sued here as a defendant. Why wouldn't that dispose of the case? A couple of points, Your Honor. With regard to the statute of limitations, let me first of all say that neither of those arguments were decided by the District Court. And whether the Michigan judiciary was a necessary defendant was never raised by the City nor decided by the District Court. Yeah, but the Court can't provide relief against a party that's not sued. We've got all these allegations against the State, but you didn't make them a party. They weren't made a party to the case. Well, I think the gist of the complaint here, Your Honor, is against the City of Detroit, not the Michigan judiciary. The question is whether the actions of the Michigan judiciary can be challenged in this court. The case against the City, the State Court held against you with regard to that, and if you're asking the District Court to review the State Court's judgment, then you would have a Rooker-Feldman problem. I don't agree for a couple of reasons, Your Honor. Rooker-Feldman is very narrow as to challenging a State Court judgment. We are not trying to challenge a State Court judgment here. We're trying to enforce a State Court judgment. Well, but the State Court, that kind of is a bit reductionist. I mean, the State Court later determined that basically the obligations of the original judgment were discharged. The bottom line of the State Courts is that the City doesn't owe any more money pursuant to that prior judgment. That is what was decided by the Circuit Court, and then the Court of Appeals denied our application.  So that's the final decision of the State Courts, is that the City doesn't owe anything. That's the bottom line. Well, the question, though, I think, Judge Kethledge, is whether it's a judgment, whether that post-judgment decision of the State Courts is a judgment for purposes of either collateral estoppel or Rooker-Feldman. I'd be extremely surprised if it were not a judgment. This is the final decision of the State Court, whether we want to denominate it a judgment, and I understand these words matter, but this is the final decision of the State Court, which it seems like you're just asking us to revisit here. Like, we're the Court of Appeals. The Michigan Court of Appeals didn't take the case, and now it's here. As we talked about in our brief, a final judgment is, under the Michigan law on collateral estoppel, a post-judgment decision is not a final judgment. There is no, for example, there's no right to appeal. There's no absolute right to appeal. It's kind of a collateral thing that happens afterward, but for purposes of Rooker-Feldman, I don't think this terminology is so critical. It's just whether the State Courts have made a final decision, so to speak, on the matter that the party wants us to look at. Is that mistaken? I believe that it is, Your Honor, and I believe that Rooker-Feldman, I think, talks about a final judgment, and I think that's an important term of a State Court, and the whole basis of Rooker-Feldman is, could you appeal that decision to the United States Supreme Court? And Rooker-Feldman is based on, if it's something that can be appealed to the United States Supreme Court, then a U.S. District Court does not have jurisdiction. Well, I mean, theoretically, your client could have done that for the State Court decision. I mean, let's say they say their constitutional rights or federal rights of some kind are being violated, and they could have, even when a State Court denies discretionary review, a State Court of Appeals, you can still go to the Supreme Court, right? Is this case different? You have a takings claim that you're worried about. Yeah, I think the issue, from our perspective, Judge Kethledge, is that there – so we had a judgment to start with that was affirmed by the State Court of Appeals. The city of Detroit, for a number of years, made the monthly payments under that, and it stopped. They paid a lot of money. But the question is whether they stopped prematurely and whether that was a taking of our client's property rights when they stopped making the payments. It seems like, to sort of put this in more general terms, it seems like you're saying when a State Court makes a determination that a certain amount of payments are owed by one party to another, there's a final judgment to that effect. The city's got to make payments to T&T or its predecessor. That a later State Court decision saying they made all the payments that are required, that later decision is one that you get to relitigate, like de novo, on the merits in federal court. That seems to be kind of what you're implying here. I would say essentially, yes, Judge. Why in the world would we, like, revisit that when the State Courts, you know, it's a State, I mean, they chose not to. You guys filed there, not here. Well, if we talk specifically about Rooker-Feldman, Rooker-Feldman looks at whether there was a judgment. The only judgment here is a judgment for $6.8 million plus $300 million. I know, we already kind of went through that.  And then similarly, in terms of collateral estoppel, it talks about whether there was a right to appeal, which there was not in this case a right to appeal from the circuit court's decision to decide that the city of Detroit didn't have to keep making payments. I think it's critical. Why couldn't you bring your takings claim in this kind of later, after-the-fact State Court litigation? Why couldn't you argue there, hey, if they're not going to be paying us anymore, that's a takings under the Constitution. You could have brought that claim in that litigation, right? Well, we did in the same litigation where the judgment had been issued. We asked the Michigan courts to enforce the judgment and didn't get the result that we were looking for there. Whatever we're calling it, the second stage where the city stops paying. Let's say it's the post non-payment, that's bad. The second stage, you know what I mean. The city has stopped. My understanding is you did not make a takings claim in State Court at that time. Is that accurate? Let's just start with yes or no, just to not get lost. Is that accurate? I don't think so, Judge, because the judgment we were seeking to enforce was a judgment for a taking. We already had a judgment for inverse condemnation, and we said to the State Court, the city has stopped paying, therefore it's a taking. That's a thoughtful answer. I appreciate that. All right. Judge Clay, I didn't get to the statute of limitations. Do you want me to address that? I see that my time is up, by the way. You're not up. Oh, I was looking at the wrong thing. Well, I'll let you be the master of your argument there, but it looks as though there was a three-year statute of limitations, and the action was filed almost four years after the accrual of the matter in dispute, which is four years after the city terminated making payments. I guess there are two questions there, Judge Clay. One is whether the accrual is when the city stopped making the payments or it's when we had exhausted our State Court remedies. This complaint was filed within months after the decision of the Michigan Court of Appeals. There's also, I think, an issue about the effect of the Supreme Court's decision in Nick, which overruled Williamson County, and until Williamson County was overruled by Nick, we couldn't have gone to State Court. Why did you take so long in just bringing a claim in State Court? It seems like it was two-and-a-half years after the city stopped making payments before you even filed the motion in State Court. A simple answer to that, Your Honor, is that there's other litigation going on that involves the actual ownership of the property. There's actually another case in this court where there's a judgment in favor of the owner of the property that I also represent. We were hopeful that the combination of those two cases would resolve this and that it would not be necessary to pursue litigation. We got a... There was nothing that stopped you from... There was nothing that stopped us, but I don't think there's anything that precluded us from filing it when we did. So there was a decision to focus on the complete taking of the property and whether we could get that resolved that would make this a moot point because if the city finally paid for the property, which it still hasn't done, then its obligation to make the $3,800-a-month payments would have stopped. And we expected that to have occurred previously. It still hasn't occurred. Now, if we determined that the... I guess the filing of the motion in State Court didn't toll the statute of limitations, you would agree that your claims against the city would be barred? I wouldn't necessarily judge because of the Williamson-Nick issue. I think we... The question is whether if we have a U.S. Supreme Court decision that prevents us from going to federal court and that decision is then reversed, would there be a tolling for that period of time? I respectfully suggest that there would be. But this issue of statute of limitations wasn't decided by the district court. I don't think it's really ever been fully briefed. So I would ask that if the court is going to focus on statute of limitations, that either it be remanded for that or perhaps some additional briefing. That issue has never been the focus of the case. It's always been Rooker-Feldman and collateral estoppel, which I think on those two grounds I think we ought to prevail. Thank you for your argument. Thank you. May it please the Court. Good afternoon. James Mosita for the City of Detroit. I'd like to point out one thing first. Brother Counsel stated that there were only two rulings by the district court on Rooker-Feldman and collateral estoppel but ignores a big portion of the opinion, which specifically found that there had been no due process claims stated against either the city or the state because plaintiff had failed to identify any rule, procedure, any source of the claim procedural due process violation. I don't know if ignore is really a fair word there. He's just choosing not to press that so much, not ignoring. Well, I wanted to make it clear. I briefed that issue fully. The district court addressed it. I briefed it on appeal. With regard to Judge Clay's question. He chooses issues on appeal. This is true. You don't have to argue every single thing, thankfully. Yeah, that's right. But I didn't want the court to think that that was not an issue. All right. Let's say that's not an issue. Right. With regard to the statute of limitations, we terminated payments. We gave notice in June of 2017. This case was filed nearly four years later. But why doesn't Mr. Demarest totally have a point that Williamson County, a highly notorious bard of bringing these cases in federal court, that Williamson County precluded bringing this case here? You had to sue in state court until Nick. Nick was decided in 2019. That leaves a couple of years to have filed this federal case. And I don't know that there's any controlling authority so that that suspended their obligation to bring it to us. But, I mean, as to the period where Williamson County was still good law, would you agree that that period should not count toward, that should be told? Because they had no legal ability to sue here. Well, I don't know that that qualifies as a tolling provision. But I note that in the- Can you give me a reason why it wouldn't? Actually, that wasn't, I don't really have an answer to that, Your Honor. So right now you don't have a reason. I don't have a reason. And it would seem facially that it's an awfully good reason. If the Supreme Court has said that we cannot entertain the case, then they shouldn't waste everybody's time by filing it here. Well, I would point out that in their motion for reconsideration in the state court and in their briefs to the Michigan Court of Appeals and Michigan Supreme Court, they did argue that the city's action was a taking. So they did raise the claim. But the precise point is that under Williamson County, they could not bring a takings claim against a state entity in federal court. It had to go to state court, which is what they did. But they pursued- It would have been wasting your client's time and our time if they had brought it here. Respectfully, Your Honor, they pursued their takings claim in state court. And they didn't appeal to the U.S. Supreme Court. That's where they were supposed to go. Otherwise, Rooker-Feldman and racially collateral estoppel don't mean anything. Well, I mean, that's a pretty tough view of the fix they were in, that because they didn't seek certiorari of this state trial court decision, then all that time counts against them. I mean, okay. But anyway, let's not get bogged down on that. I think the more important issue is the Rooker-Feldman doctrine applies here. And plaintiff argues that somehow that the ruling, the final ruling made in the state court is not entitled to- Rooker-Feldman somehow does not apply to that. And I don't see any authority for that argument being offered by the plaintiff. In fact, in the RLR Investments case, this court applied Rooker-Feldman to an interlocutory order. And there's nothing to suggest that Rooker-Feldman wouldn't apply equally to this post-judgment ruling, which closed the case out. I mean, we had a 2002 judgment, and this ended its efficacy. And there's just simply no authority for ignoring the Rooker-Feldman doctrine. Would the Rooker-Feldman doctrine also bar the due process claim? Because I don't know that that was litigated or raised in state court. It's hard to say without visiting the arguments that were made on the application to the Court of Appeals and to the Michigan Supreme Court. But the due process claim, as I stated, fails on its merits. Unless the court has any other questions. I really don't have anything to add to the judges. The district court's opinion is very thorough. I think it addresses all kinds of issues. On due process, to maintain that claim, there would have had to have been an allegation of an entitlement to a pre-deprivation hearing. Would that be the way that issue should be framed? I don't think either side here has cited anything substantiating that there was an entitlement to a pre-deprivation hearing, which would suggest that there's no due process. The plaintiff was not able to state a due process claim. I think that goes to the finding of the district court as well as the argument made by the city, that there was nothing to suggest that the city had to give notice before it terminated payments. We were simply following what we believed the judgment provided. And one of the conditions had been met. And we gave notice. And they waited two and a half years before they sought to challenge that in state court. So, no, I don't think there was a question of pre-deprivation notice being required, let alone provided. But we did give notice. All right. Thank you. Thank you, Your Honor. On the due process argument, Judge Clay, our argument is not that a pre-deprivation hearing was necessary, but that there wasn't any real process granted after the deprivation occurred. The district court heard a motion, didn't hear any testimony, made a factual decision without any evidentiary hearing, and that there really wasn't a full and final opportunity to litigate that in state court. I'm not following you too well, because it sounds like you're saying there needed to be a hearing notice after the decision was made. For due process purposes, wouldn't you want a hearing in advance of a decision? Maybe I'm not understanding. Well, I think the question is there are some circumstances where a pre-deprivation hearing is required. In this case, our argument is that we never got any due process either pre- or post-deprivation. Whether it was before the city stopped the payments or after the city stopped the payments, what the state court did was not sufficient to constitute due process. Are you saying that's because the state court didn't take evidence? There was a factual issue about whether a lease still existed. The district court determined that fact without any evidentiary hearing or any basis to make a factual determination where there was a contested issue of fact. So we think that's the lack of due process that occurred in the state circuit court. That's like a judicial malpractice claim. The question, I think, Judge Kethledge, is whether if there's a – so we have a judgment for inverse condemnation, and I believe that judgment is a property right. The question is were we deprived of that property right? Was our client deprived of that property right without due process? And if they were, is there a remedy in state court? The district court below in this case, the federal court, never reached the merits of the case, of this case, and didn't decide whether there was a proper hearing or not. He simply said he didn't think there was an allegation of lack of due process. Judge Kethledge mentioned, I mean, the defendant for that claim, I guess, is a state trial judge, assuming there's not immunity, right? It's not the city of Detroit's fault that the court decided it in a peremptory fashion. I think the question is whether because there wasn't due process or there was a taking because the city stopped. The remedy we're seeking in this case is for the city to make the payments from 2017 to date and to continue until one of the three conditions in the judgment is satisfied, which has never occurred. So we're not seeking injunctive relief or damages against the Michigan judiciary. We're seeking to ask the federal court to enforce the constitutional rights of our client, which resulted in the taking of their judgment without either due process or compensation. You're talking about a procedural error, which itself doesn't show that the underlying property rights, you know, entitlement to payments was violated. It just, you know, you think you should have had a certain hearing. You didn't get it. It doesn't, it's not ergo they must pay you like $5 million or something. You would have to show an entitlement, substantive entitlement, and that's exactly what the state court said you don't have. Well, except that we have the judge. Kind of harmless. Not to my client. Sure, I get it. Let me just go back briefly to Rooker-Feldman, because I don't think it's a matter of semantics whether this post-judgment ruling was a judgment. Judge Kessler, that seemed to be the focus of what you were talking about. And I would go back to your decision in Shadazadeh v. Bowles, where you say the doctrine only applies to state court judgments. And I think it's important to think about what is a judgment. A judgment is specific under both the federal rules and the Michigan court rules. A judgment is a specific thing, which is we have a judgment. The question is whether a post-judgment ruling on a motion by a state court is also a judgment. I don't think it is. I think that just as an interlocutory order should not be viewed as a judgment, a ruling on a post-judgment motion where there's no right to appeal cannot be collateral estoppel, and I don't think it's subject to Rooker-Feldman. We're not asking the court to completely set aside Rooker-Feldman. What we're saying is we don't think it applies in this particular circumstance. I'll take another look at it just for what that's worth. Thank you. All right. Thank you, Your Honors. The case is submitted. Thank you.